UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY ANN KIRKER-FELO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-0880-EFB<br><br><br><br>ORDER |

Plaintiff moves for an award of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 26. She seeks fees in the amount of $6,178.27 based on 33.66 hours of work at a rate of $192.68 for work performed by attorney Jared Walker, plus $77.94 in costs. *See* ECF No. 27 ¶ 6; ECF No. 27-2. Plaintiff also seeks an additional $1,364.16 in fees based on 7.08 hours spent preparing the fee motion and reviewing and preparing a reply to defendant's opposition to the motion, for a total amount of $7,620.37. ECF No. 31. Defendant agrees that plaintiff is entitled to attorney's fees, but argues that the number of hours claimed is unreasonable and should be reduced accordingly. ECF No. 29.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive,

1

redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to plaintiff's hourly rate, but contends that the number of hours expended by plaintiff's counsel was unreasonable.[1] ECF No. 29 at 3-5. Specifically, defendant argues that plaintiff's counsel spent an excessive number of hours preparing his client's motion for summary judgment. Defendant contends that the motion for summary judgment "was essentially a duplication of only two of the issues in the brief(s) Plaintiff's administrative attorney filed before the administrative law judge and the Appeals Council." *Id*. at 4. Defendant further argues that number of hours expended were unreasonable given that the motion did not contain a summary of the medical evidence, and its summaries of testimony and the ALJ's findings were relatively brief. *Id*.

Mr. Walker's billing record show that he spent 26.3 hours reviewing the administrative record, conducting legal research, and preparing plaintiff's motion for summary judgment. ECF No. 27-2. Of that time, 13.03 hours were dedicated to drafting the motion. *Id*. Although plaintiff's brief was only 9 pages, the court cannot find that it was unreasonable for counsel to spend 13 hours briefing the two arguments raised in the motion, especially considering the outcome achieved in this case. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."); *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Furthermore, the similarity between the arguments raised before the agency and those briefed before this court does not justify a reduction in fees. Mr. Walker did not represent

---

[1] Defendant also does not object to the $77.94 in costs sought by plaintiff.

2

plaintiff at the administrative level.  Thus, he not only needed to independently review the record, but also needed to research current case law concerning potential arguments, including those raised by an another attorney before the agency.  Indeed, it would have been imprudent for Mr. Walker to rely on former counsel's arguments—arguments that were initially unsuccessful—without conducting his own research and review of the record.

Defendant also argues that fee awards granted to Mr. Walker in other cases demonstrate that the fees sought in this case are excessive.  ECF No. 29 at 5.  Defendant contends that the amount of fees sought in this case are similar to those awarded in the nine other cases in which Mr. Walker has been awarded fees by this court, despite the fact that the brief filed in the instant action was Mr. Walker's shortest.  Accordingly, defendant contends "counsel should not be permitted to charge the same for this brief, which indeed, was much shorter than his norm, than he would for much more complicated, fully-litigated cases."  ECF No. 29 at 5.

The time it takes to prepare a motion for summary judgment will vary from case to case. Indeed, "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail."  *Id.*; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence.").  Thus, the time required to prepare summary judgment motions, even those that are similar in length, may vary greatly depending on the facts of the case.  Accordingly, the amount of time Mr. Walker spent successfully litigating other cases does not necessarily demonstrate that the time he spent preparing the motion for summary judgment in this action was unreasonable.

Moreover, the number of hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. *See Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, No. CIV S-06-

3

1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *cf. id.* at 1137 ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases.").

Lastly, defendant contends, without elaboration, that plaintiff is not entitled to all fees requested for time spent discussing the language of the parties' stipulation to remand the matter for further proceedings. ECF No. 29 at 5. Aside from noting that defense counsel drafted the stipulation, defendant provides no argument as to why plaintiff's counsel is not entitled to compensation for time spent addressing this issue. Mr. Walker's billing records indicate that he believed that the language proposed by defendant was overbroad and would result in a revocation of the ALJ's partial award of benefits. Mr. Walker spent 1.79 hours discussing the issue with his client, conducting legal research, and communicating with defense counsel in an effort to resolve the dispute. There is nothing in the record to suggest that Mr. Walker's concern was unreasonable, nor is there any indication that the 1.79 hours dedicated to this issue was excessive. Thus, there is no basis for reducing the number of hours spent addressing the issue.

Accordingly, plaintiff's counsel reasonably spent 33.66 hours litigating this action. The court has also reviewed Mr. Walker's billing records concerning the time he spent litigating the fee application, including reviewing defendant's opposition and preparing a reply brief, and finds that he reasonable spent 7.08 litigating the fee motion. *See* ECF No. 32-1 at 1-2. Thus, plaintiff is entitled to an additional award of $1,364.16 in attorney's fees, for a total award of $7,620.

/////

/////

/////

4

III.    <u>Conclusion</u>

    Accordingly, it is hereby ORDERED that:

    1. Plaintiff's motion for attorney's fees and costs (ECF No. 26) is granted;

    2. Plaintiff is awarded attorney's fees and costs under the EAJA in the amount of $7,620.37; and

    3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

DATED: May 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE